## SMITH *vs.* POWERS.

The plaintiff brought an action of trespass, for breaking and entering his close,
which was particularly described in the declaration, and cutting certain trees
there. The defendant as to all the alleged trespass, except breaking and enter-
ing a certain portion of that close, (which he described by specific boundaries,)
and there cutting the trees mentioned in the declaration, pleaded that he was
not guilty, tendering an issue to the country. And as to entering upon that
part of the close, and cutting those trees, he justified; because, as he averred,
it was his soil and freehold. The plaintiff traversed the justification, conclud-
ing to the country, and then new assigned the trespass. The defendant demur-
red to the new assignment.—*Held,* that the pleas covered the whole matter al-
leged in the declaration; that it was duly in issue for trial without the new
assignment; and that the latter was therefore bad.

TRESPASS, for that the defendant, on the first day of No-
vember, 1834, and on divers days between that day and the
date of the writ, broke and entered the plaintiff's close in
Bath, "being all that part of lot numbered three, in the first
range of lots on the west side of Amonoosuck river, which
lies southerly of a line extending or running across said lot,
from a pine root on the westerly line of said lot, (in which
root stands a white birch stake) a little southerly of the cen-
tre of said westerly line, to a pine root on the easterly line
of said lot, standing a little northerly of the centre of said
easterly line, near which root stands a stake and stones;"
and cut and carried away forty hemlock trees, six pine trees,
ten birch trees, and ten spruce trees, of the plaintiff, then
and there standing, &c.

The defendant, " as to the force and arms, and any thing against the peace, and also of the whole trespass aforesaid, except the breaking and entering the close hereinafter described, and cutting and carrying away forty hemlock trees, six pine trees, ten birch trees, and ten spruce trees," pleaded that he was not guilty, and tendered an issue to the country, which was joined.

"And as to the breaking and entering the close hereinafter described, and cutting and carrying away forty hemlock trees, six pine trees, ten birch trees, and ten spruce trees," he pleaded that the plaintiff ought not to maintain his action, " because at the time when the trespass in the introductory part of this plea is above supposed to be done, and for a long time before, and ever since, the said defendant was seized and possessed, as of his own soil and freehold, of a certain piece or parcel of land in lot number three, in the first range of hundred acre lots west of Amonoosuck river, in Bath aforesaid, bounded and described as follows, to wit, beginning at the pine root on the west line of said lot, (in which root stands a white birch stake,) in the plaintiff's declaration aforesaid mentioned ; thence easterly to the pine root in the east line of said lot, in the plaintiff's declaration aforesaid mentioned ; thence southerly, on the east line of said lot, forty rods and sixteen links, to a large white pine stump, which was a large white pine tree on November 15th, 1793 ; thence westerly, to the bound begun at ; which is a part of the same close in which the trespass aforesaid in the introductory part of this plea is supposed to be done. Wherefore the said defendant, at the several times aforesaid when the trespass aforesaid in the plaintiff's declaration aforesaid is above supposed to be done, broke and entered the close aforesaid, as described aforesaid, and cut, felled, and carried away forty hemlock trees, six pine trees, ten birch trees, and ten spruce trees, as he lawfully might do ; which is the same residue of the trespass aforesaid, in the plaintiff's declaration

aforesaid supposed to be done," &c. ; concluding with a verification.

The plaintiff replied, as to the plea of the defendant, "by him secondly above pleaded, and as to the said several trespasses in the introductory part of that plea mentioned, and attempted to be justified"; that by reason of any thing therein alleged, he ought not to be barred, &c., because "the said close, in said plea described, parcel of the aforesaid close in the said declaration described, is not, and at the several times when said several trespasses were committed, was not the soil and freehold of the said Powers in manner and form," &c., and concluded to the country.

He then proceeded to new assign, alleging "that he brought his aforesaid action, not only for the trespasses in the introductory part of said plea mentioned, and attempted to be justified ; but also for that the said Powers, on the said several days and times in said declaration mentioned, and upon other and different occasions, and for other and different purposes than in said plea mentioned, with force and arms, broke and entered other parts of the close described in the declaration than that part thereof described in said plea ; and being so entered, cut, and carried away, ten pine trees, ten spruce trees, ten birch trees, and twenty hemlock trees, of the said Smith," in manner and form as he has declared ; "and that he brought his action as well for the trespasses mentioned in said plea, as for the trespasses which are newly assigned ; and said trespasses, so newly assigned, are other and different from those mentioned in said plea," &c., concluding with a verification.

The defendant demurred specially to the new assignment. 1. Because the plaintiff's original declaration fully described the plaintiff's close, and the plaintiff had newly assigned his trespass, within the same close, after the whole original declaration had been answered by the defendant's pleas, fully and clearly, and without evasion. 2. Because the plaintiff had newly assigned his trespass in the same close, as in his

original declaration, and in other parts than the one described in the defendant's second plea, without giving the boundaries, or any local description, of those other parts. 3. Because the plaintiff had introduced into his new assignment, and claimed damages for cutting down and carrying away more trees than those described in the original declaration. And 4. Because the plaintiff had new assigned, after the plaintiff and defendant had agreed on the place where the trespass was committed, if any were done.

*Bell, Hibbard, & C. E. Thompson*, for the defendant. The declaration sets out specific boundaries. The defendant pleads not guilty as to all the alleged trespass, except what was done on a specific piece of the land described, and the plaintiff joins issue. The defendant justifies his entry upon that specific piece, and the cutting thereon of all the trees mentioned in the declaration, because, as he says, that is his land. The plaintiff takes issue on the justification, and then says he brought his action for something else, in the limits not justified; and he calls this a new assignment. But it is apparent that the whole matter was in issue before. The defendant had distinctly denied having made any entry upon the part not included in his justification.

The new assignment is objectionable, also, because it alleges the taking of more trees than are enumerated in the declaration. 1 *Chitty's Pl.* 628.

*Goodall*, (with whom was *Wilcox*,) for the plaintiff. The plaintiff had a right to new assign. 1 *Chitty's Pl.* 638, (8*th Ed.*); 5 *Bing.* 196, *Vickers* vs. *Gallimore*; 3 *B. & B.* 117, *House* vs. *Thames*; 1 *B. & C.* 278, *Longden* vs. *Bourn*; 1 *Bing.* 317, *Lambert* vs. *Hodsdon*; 1 *B. & C.* 489, *Crocker* vs. *Crompton*; 9 *B. & C.* 613, *Cross* vs. *Johnson*; 2 *Bing.* 26, *Trickey* vs. *Yeandall*; 1 *East* 351, *Martin* vs. *Vallance*; 15 *East* 236, *Pratt* vs. *Groome*; 3 *B. & Ald.* 443, *Taylor* vs. *Nicholls*; 2 *Camp.* 175, *Monprivatt* vs. *Smith*; 10 *East* 73, *Cheasley* vs. *Barnes*.

The right to new assign in all these cases seems not to have been doubted, except where the declaration was for a single trespass.  *Story's Pl.* 642.

We apprehended if we did not new assign, that we could not give evidence of any cutting, except upon the piece embraced in the justification.

The demurrer should have been to the whole replication. The new assignment is but part of the replication.  10 *East* 73; 1 *Chitty's Pl.* 633.  Chitty, and other authorities, treat the answer to the justification, and the new assignment, as one pleading.  The defendant, by demurring to part, has discontinued.  *Archbold's Pl.* 341, (308); 1 *Chitty's Pl.* 665; *Com. Dig., Pleader*, Q, 2; 5 *Bing.* 196.

*Bell*, in reply.  If the other side had put in the replication to the justification and the new assignment as one answer, without tendering different issues, it would have been bad for that reason.

The plaintiff having made a sufficient traverse of the defendant's plea, and this being separate from the new assignment, concluding to the country, the defendant could not demur to that.

PARKER, C. J.*  The demurrer, in this case, is well taken. The plaintiff, by his declaration, specifies the close in which he alleges the trespasses to have been committed, as being all of lot numbered three, in the first range of lots on the west side of Amonoosuck river, in Bath, which lies southerly of a certain line.  The defendant pleads, in substance, that he is not guilty of all the alleged trespass, except breaking and entering a certain portion of that close, (which he describes particularly,) and there cutting the trees mentioned in the plaintiff's declaration; and as to entering upon that part of the close, and cutting those trees, he justifies upon the ground that it is his freehold.  These pleas cover the

* WOODS, J., having been of counsel, did not sit.

whole matter alleged in the declaration ; and the plaintiff having joined issue upon the allegation that the defendant is not guilty of any thing more than entering upon the part of the close embraced in the justification, and having traversed the justification itself, tendering an issue to the country, the whole matter alleged in the declaration is duly put in issue for trial.

If the plaintiff can prove that the defendant has entered upon any other part of the close described in the declaration, than that embraced in the justification, he will be entitled to a verdict and judgment on the first issue ; for the defendant pretends to no justification for any such act.

And the defendant, having admitted that he entered upon the part of the close which he specifies in his justification, must sustain his plea as to that, or the plaintiff will be entitled to judgment on the second issue, for the acts which the defendant thus admits he has done.

If the defendant sustain this matter of justification, as to that part of the close, and the plaintiff can prove nothing more to have been done, the plaintiff has no title to maintain his action.

It is very clear, therefore, that there is no necessity for a new assignment, and nothing in the case to be tried under it, if it were admitted.   1 *Chitty's Pl.* 602, (*3d Ed.*) ; 10 *East* 73, *Cheasley* vs. *Barnes ;* 17 *Pick.* 236, *Parker* vs. *Parker ;* 10 *Pick.* 166, *Boynton* vs. *Willard.*

Furthermore ; where a new assignment is properly introduced into the cause, the defendant must plead to it precisely as to a declaration, either by denying the matter new assigned, by the plea of not guilty, or by answering it by a special justification, &c.  1 *Chitty's Pl.* 613.   If the defendant had pleaded not guilty to the new assignment, in this case, there could have been nothing more to be tried under that issue than may now be tried, under the first issue joined in the case.

"A new assignment is used to ascertain, with precision and exactness, the place, or time, which had been alleged only

generally in the declaration.   It is used to explain that more fully, which is only apparently answered by the plea." 1 *Wms. Saund.* 299, *b, note.*   A very common instance of its use is, when the plaintiff has declared generally, for a trespass to his close in a certain town, without a particular description of the boundaries ; and the defendant justifies an entry into a close in that place, describing it, which is in fact not the close the plaintiff intended.

" Where the plaintiff and defendant agree in the place, the plaintiff cannot new assign" as to the place.   1 *Saund.* 300, *note.*   In this case there is no controversy as to the place, the pleas having covered the whole place alleged in the declaration, and no more.

*Leave to withdraw the new assignment.*